UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TARA L. POTTER,

    Plaintiff,

v.                                                                                                                          Case No. 1:19-cv-837
                                                                                                                        Hon. Ray Kent

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant,
_____/

**OPINION**

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security Administration (Commissioner) which denied her application for disability insurance benefits (DIB).

Plaintiff filed an application for DIB on February 3, 2016, alleging a disability onset date of December 9, 2014. PageID.44.  Plaintiff identified her disabling conditions as: degenerative disc disease; narcolepsy/excessive daytime sleepiness; migraines; congestive heart failure; emphysema; irritable bowel syndrome; right hip mass/right sided extremity paresthesia; depression and anxiety; severe back pain; and history of seizures.  PageID.230.  Prior to applying for DIB, plaintiff completed the 12th grade, completed a medical assistant program, and had past employment as a medical assistant.  PageID.53, 231-232.  An administrative law judge (ALJ) reviewed plaintiff's application de novo and entered a written decision denying benefits on August 13, 2018.  PageID.44-55. This decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

## I. LEGAL STANDARD

This Court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. § 405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Secretary of Health & Human Services*, 25 F.3d 284, 286 (6th Cir. 1994). A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health & Human Services*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only. This Court does not review the evidence de novo, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence. *Young*, 925 F.2d at 147.

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 20 C.F.R. §404.1505; *Abbott v. Sullivan*, 905 F.2d 918, 923

(6th Cir. 1990). In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability. First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four. *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.* If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary. *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

## II.     ALJ's DECISION

Plaintiff's application for DIB failed at the fifth step of the evaluation. At the first step, the ALJ found that plaintiff had not engaged in substantial gainful activity since her alleged onset date of December 9, 2014, and that she meets the insured status requirements of the Social Security Act through December 31, 2020. PageID.47. At the second step, the ALJ found that

plaintiff had severe impairments of narcolepsy, seizure disorder, degenerative disc disease (DDD) of the thoracic and lumbar spines, migraine headaches, fibromyalgia, depression, and an anxiety disorder. *Id*. At the third step, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1. *Id*.

The ALJ decided at the fourth step that:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity (RFC) to perform sedentary work as defined in 20 CFR 404.1567(a). The claimant can lift or carry ten pounds occasionally and less than ten pounds frequently. She can sit for six hours, and stand and walk for two hours; but requires the ability to change position from standing or sitting every 20 to 30 minutes, for three to five minutes at a time, while remaining at the workstation. She can never climb ladders or scaffolds, and can occasionally climb ramps and stairs. She must avoid all exposure to unprotected heights and moving mechanical parts. She can perform simple, routine, repetitive tasks; and work that involves only occasional, superficial contact with the public and co-workers.

PageID.49. The ALJ also found that plaintiff is unable to perform any past relevant work. PageID.53.

At step five, the ALJ found that plaintiff could perform a range of unskilled, sedentary work in the national economy. PageID.54. Specifically, plaintiff could perform work as a packer (34,000 jobs), sorter (24,000 jobs), and office clerk (63,000 jobs). *Id*. Accordingly, the ALJ determined that plaintiff was not under a disability, as defined in the Social Security Act, from December 9, 2014 (the alleged onset date) through August 13, 2018 (the date of the decision). PageID.55.

### III. DISCUSSION

Plaintiff raised two errors on appeal.

**A. The ALJ failed to give proper weight to the findings and opinion of Plaintiff's treating physicians, as required by 20 C.F.R. §404.1527(c) because: the ALJ failed to give the treating**

4

>**physicians' opinions proper weight and failed to follow the criteria required in 20 C.F.R. 404.1527(c); and the ALJ's proffered reasons for giving the opinions "little" weight are not supported by substantial evidence.**

**1.   The treating physician rule**

Plaintiff contends that the ALJ failed to properly evaluate the opinions of two treating physicians, Roger S. Kilbourn, D.O. and Satya Chaparala, M.D.[1]  Plaintiff contends that the ALJ did not indicate which portions of the doctors' opinions were not supportable or identify the medical evidence which was contrary to their findings.

A treating physician's medical opinions and diagnoses are entitled to great weight in evaluating plaintiff's alleged disability.  *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001).  "In general, the opinions of treating physicians are accorded greater weight than those of physicians who examine claimants only once."  *Walters v. Commissioner of Social Security*, 127 F.3d 525, 529-30 (6th Cir. 1997).  Under the regulations, a treating source's opinion on the nature and severity of a claimant's impairment must be given controlling weight if the Commissioner finds that: (1) the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques; and (2) the opinion is not inconsistent with the other substantial evidence in the case record.  *See Gayheart v. Commissioner of Social Security*, 710 F.3d 365, 375 (6th Cir. 2013); 20 C.F.R. § 404.1527(c)(2).  Finally, the ALJ must articulate good reasons for not crediting the opinion of a treating source.  *See Wilson v. Commissioner of Social Security*, 378 F.3d 541, 545 (6th Cir. 2004); 20 C.F.R. § 404.1527(c)(2) ("[w]e will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion").

---

[1] Because plaintiff filed his claim before March 27, 2017, the "treating physician rule" applies to the ALJ's decision. *See* 20 C.F.R. § 404.1527.

5

      2.      **Roger S. Kilbourn, D.O.**

The ALJ addressed the doctor's opinion as follows:

> As for the opinion evidence, in December 2014 and February 2015, Roger S. Kilbourn, D.O., reported that the claimant had narcolepsy, a seizure disorder, fibromyalgia, and multilevel DDD. He opined that there should be no lifting, bending, or twisting due to back pain. Dr. Kilbourn indicated the claimant could sit, walk, and stand for three to four hours, and could lift, carry, push, and pull, up to ten pounds frequently. She should have no mentally exhausting activities. She was released back to work in January 2015 and August 2015 (Exhibits B1F/136-141; B7F/174, 189). I give weight to this assessment to the extent consistent with the adopted residual functional capacity. Of note, Dr. Kilbourn indicated that the claimant could return to work to her past work. Moreover, based on the adopted residual functional capacity, the vocational expert (VE) testified that the claimant would not perform her past relevant work, but there are competitive jobs in the national economy that the claimant could perform.

PageID.51. The ALJ's opinion is deficient. The ALJ does not address the medical evidence which supports, or fails to support, the doctor's opinions. In addition, the ALJ's assignment of weight to the opinion is ambiguous. The ALJ has failed to articulate good reasons for not crediting the opinion of a treating source. *See Wilson*, 378 F.3d at 545; 20 C.F.R. § 404.1527(c)(2). Accordingly, this matter will be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g). On remand, the Commissioner should re-evaluate Dr. Kilbourn's opinion.

      3.      **Satya Chaparala, M.D.**

The ALJ addressed Dr. Chaparala's opinions as follows:

> In October 2015, Satya B. Chaparala, M.D., indicated that the claimant was experiencing extreme sleepiness and falling asleep without warnings. She was noted to be dealing with severe back pain, and the medications for pain control and muscle spasms were sedating. Dr. Chaparala recommended that the claimant not return to work (Exhibit B4F/ l). I give limited weight to this assessment, as it is not consistent nor supported by the medical evidence demonstrating functioning ability with significant control and stability of the claimant's conditions and symptoms with treatment (*see* Exhibits B7F, B19F, B20F, B23F, B27F).

PageID.51. The ALJ's evaluation of Dr. Chaparala is insufficient. The ALJ did not address the medical evidence in a meaningful manner; rather he simply listed exhibits containing over three

hundred pages of medical exhibits.[2] The ALJ's decision fails to articulate good reasons for not crediting the opinion of a treating source. *See Wilson*, 378 F.3d at 545; 20 C.F.R. § 404.1527(c)(2). Accordingly, this matter will be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g). On remand, the Commissioner should re-evaluate Dr. Charapala's opinion.

> **B. The ALJ's residual functional capacity (RFC) findings are not supported by substantial evidence as required under 20 C.F.R. §§ 404.1520a and §404.1545, and SSR 98-6p:**
>
> **1. Plaintiff is disabled based on the treating physician findings and the VE testimony.**

This argument is not fully developed. Plaintiff appears to contend that, based on the opinions of Dr. Kilbourn and Dr. Chaparala, the ALJ should have found that plaintiff could not perform even sedentary work. It is unnecessary to address this claim because the matter is to be remanded for a re-evaluation of the two doctors' opinions.

> **2. The RFC finding did not adequately address all plaintiff's well-documented impairments.**

RFC is a medical assessment of what an individual can do in a work setting in spite of functional limitations and environmental restrictions imposed by all of his medically determinable impairments. 20 C.F.R. § 404.1545. It is defined as "the maximum degree to which the individual retains the capacity for sustained performance of the physical-mental requirements of jobs." 20 C.F.R. Part 404, Subpt. P, App. 2, § 200.00(c). The ALJ determines the RFC "based on all the relevant medical and other evidence in [the claimant's] case record." 20 C.F.R. § 404.1520(e).

---

[2] *See* Exhibits B7F (PageID.530-729, 731-732), B19F (PageID.1077-1120), B20F (PageID.1121-1156), B23F (PageID.1244-1261), and B27F (PageID.1275-1304).

7

Plaintiff contends that the ALJ's RFC determination did not contain any limitations with respect to plaintiff's inability to maintain attendance, or maintain concentration, persistence or pace. Plaintiff's Brief (ECF No. 11, PageID.1346). It appears that plaintiff is referring to the conclusions reached at step 3 with respect to the "paragraph B" criteria of Listings 12.04 and 12.06, in which the ALJ found that plaintiff has moderate limitations "[w]ith regard to concentrating, persisting, or maintaining pace," PageID.49.[3] The ALJ's RFC addressed these limitations by finding that plaintiff "can perform simple, routine, repetitive tasks; and work that involves only occasional, superficial contact with the public and co-workers." PageID.49. As the Sixth Circuit explained,

> [T]he finding at step three is not a residual functional capacity finding. 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.00.A. That finding is formulated at step four, which "requires a more detailed assessment by itemizing various functions contained in the broad categories found in paragraphs B and C" of the Listings to be considered at step three. SSR 96-8p, 1996 WL 374184, at *4 (July 2, 1996). Thus, an ALJ does not necessarily err by finding moderate limitations at step three but excluding those limitations in a "residual functional capacity" analysis at steps four and five.

*Wood v. Commissioner of Social Security*, No. 19-1560, 2020 WL 618536 at *3 (6th Cir. Jan. 31, 2020). *See Kraus v. Colvin*, No. 13-C-0578, 2014 WL 1689717 at *15 (E.D. Wis. April 29, 2014) (Because three different functions in paragraph "B" are listed in the disjunctive, "a check in the moderate box does not indicate whether the limitation applies to one, two, or all three functions. . . the mental residual functional capacity assessment requires a more detailed assessment than the preliminary assessment used at steps 2 and 3 to determine whether the impairment is severe and meets a listing.").

Based on this record, the Court concludes that the ALJ's RFC accounted for plaintiff's mental impairments. Plaintiff did not present any medical opinions with specific

---

[3] It is unclear whether the ALJ set out any analysis of those issues, because PageID.48 (which appears in the middle of the discussion of step 3) is a blank sheet of paper.

functional limitations with respect to her ability to concentrate, persist, and maintain pace. *See Kepke v. Commissioner of Social Security*, 636 Fed. Appx. 625, 635 (6th Cir. 2016) (plaintiff did not cite any evidence in the record "that provides for specific, concrete limitations on her ability to maintain concentration, persistence or pace while doing simple, unskilled work"); *Smith-Johnson v. Commissioner of Social Security*, 579 Fed. Appx. 426, 436-37 (6th Cir. 2014) (limiting a claimant to "simple, routine, and repetitive tasks" adequately conveyed the claimant's moderately-limited ability "to maintain attention and concentration for extended periods," where claimant's doctor "did not place any concrete functional limitations on her abilities to maintain attention, concentration, or pace when performing simple, repetitive, or routine tasks"). *See also*, *Smith v. Halter*, 307 F.3d 377, 378-79 (6th Cir. 2001) (a hypothetical question limiting the claimant to jobs that are "routine and low stress, and do not involve intense interpersonal confrontations, high quotas, unprotected heights, or operation of dangerous machinery" appropriately addressed the limitations of the claimant who "often" suffered problems with concentration, persistence or pace resulting in the failure to complete tasks in a timely manner). Accordingly, plaintiff's claim of error is denied.

> **3. The opinions of claimant's therapist should have been given significant weight.**

Plaintiff contends that the ALJ did not properly consider the findings of her treating therapist, Edwina Wallace, MA LLPC. The ALJ addressed Ms. Wallace's opinion as follows:

> I give only limited weight to the March 2018 and April 2018 assessments of treating therapist Edwina G. Wallace, M.A., since the mental limitations found are not well supported by the medical evidence, and appear overstated. Dr. [sic] Wallace indicated that the claimant had a generalized anxiety disorder and adjustment disorder with depressed mood with associated symptoms of sadness, frustration, excessive worrying, and problems with sleeping. She reported that the claimant had marked limitations in interacting with others and maintaining concentration, persistence, or pace. She indicated that the need to conform to a work schedule would overwhelm the claimant, and she would have trouble with

9

> maintaining attention and completing a normal workday and workweek without interruptions from psychologically based symptoms (Exhibits B25F-B26F). However, the medical evidence shows the claimant generally had normal psychiatric examinations with no significant complications or issues (*see* Exhibits B14F, B18F, B21F).

PageID.52.

As an initial matter, the ALJ referred to Ms. Wallace as "Dr. Wallace," creating a question as to whether the ALJ evaluated her opinion as that of an acceptable medical source or as a therapist. For purposes of this opinion, the Court will assume that that the ALJ made a scrivener's error in referring to Ms. Wallace as a doctor rather than a therapist. Unlike a physician (an "acceptable medical source"), the opinion of a therapist "is not entitled to any particular weight or deference—the ALJ has discretion to assign it any weight he feels appropriate based on the evidence of record." *Noto v. Commissioner of Social Security*, 632 Fed. Appx. 243, 248-49 (6th Cir. 2015). While the ALJ is required to give "good reasons" for the weight assigned a treating source's opinion, *Wilson*, 378 F.3d at 545, this articulation requirement does not apply when an ALJ evaluates the report of a medical source who is not a treating, acceptable medical source, *Smith v. Commissioner of Social Security*, 482 F.3d 873, 876 (6th Cir. 2007). Nevertheless, "the ALJ's decision still must say enough to allow the appellate court to trace the path of his reasoning," *Stacey v. Commissioner of Social Security*, 451 Fed. Appx. 517, 519 (6th Cir. 2011) (internal quotation marks omitted).

Here, the Court cannot follow the path of the ALJ's reasons for assigning Ms. Wallace's opinions limited weight. The ALJ discounted Ms. Wallace's opinions because plaintiff had "normal psychiatric examinations with no significant complications or issues." While the ALJ cites over 100 pages of medical records[4], he does not refer to any particular examinations which

---

[4] See Exhibits B14F (PageID.996-1019), B18F (PageID.1056-1075), and B21F (PageID.1157-1228).

demonstrate normalcy or contradict Ms. Wallace's findings. In addition, the ALJ's conclusion that plaintiff had normal psychiatric examinations is inconsistent with his finding that plaintiff had severe impairments of depression and an anxiety disorder which limit her to "perform[ing] simple, routine, repetitive tasks" and "work that involves only occasional, superficial contact with the public and co-workers." PageID.49. Accordingly, this matter should be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g). On remand, the Commissioner should re-evaluate Ms. Wallace's opinions under the appropriate standard.

### 4. The ALJ did not properly consider plaintiff's symptoms

Plaintiff contends that the ALJ did not properly consider her symptoms as required by SSR 16-3p and 20 C.F.R. § 404.1529(c)(3). Plaintiff's Brief (ECF No. 11, PageID.1352). Plaintiff appears to contend that the ALJ failed to properly consider her alleged symptoms (formerly referred to as her "credibility") by finding that plaintiff's daily activities were inconsistent with her allegations. *See id*. at PageID.1350-1351. In SSR 16-3p, the agency stated that, "we are eliminating the use of the term 'credibility' from our sub-regulatory policy, as our regulations do not use this term." SSR 16-3p, 2017 WL 5180304 at *2 (Oct. 25, 2017). The agency explained that, "our adjudicators will focus on whether the evidence establishes a medically determinable impairment that could reasonably be expected to produce the individual's symptoms and given the adjudicator's evaluation of the individual's symptoms, whether the intensity and persistence of the symptoms limit the individual's ability to perform work-related activities[.]" *Id*. at *10.

It is well established that evaluation of a claimant's subjective complaints remains peculiarly within the province of the ALJ. *See Gooch v. Secretary of Health & Human Services*, 833 F.2d 589, 592 (6th Cir. 1987). In *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001), the Sixth

11

Circuit stated that courts must give deference to the ALJ as the finder of fact, and that the court "may not disturb" an ALJ's credibility determination "absent [a] compelling reason." While the term "credibility" is no longer used, this Court must still give deference to the ALJ's evaluation of the symptoms under the regulations. "[A]side from this linguistic clarification, the analysis under SSR 16-3p otherwise is identical to that performed under SSR 96-7p." *Scobey v. Commissioner of Social Security*, No. 1:17-cv-987, 2018 WL 4658816 at *11 (W.D. Mich. Sept. 28, 2018) (internal quotation marks and brackets omitted).

Here, the ALJ considered plaintiff's allegations and noted "that the claimant had described activities that were not limited to the extent one would expect, given her complaints of disabling symptoms and limitations." PageID.53. In reaching this determination, the ALJ compared plaintiff's statements regarding her symptoms with plaintiff's statements regarding her daily activities. First, the ALJ summarized plaintiff's April 2016 function report, which indicated: that she had difficulty performing activities of daily living due to her impairments and related symptoms; that she had difficulty with driving, sitting, standing, walking, and other postural maneuvers; that she stayed in bed for most of the day; and that she had trouble with her memory, completing tasks, and concentrating. PageID.53.

Then, the ALJ compared plaintiff's reported difficulties with her other activities:

> At the same time, the claimant reported that she was taking care of her minor daughter and fiance, including doing the laundry, preparing meals, and reminding her daughter to take her medication and do her homework. She could perform her personal care and grooming. She was able to clean and wash dishes. She shopped in stores, and by mail and computer. She socialized with others over the telephone on a daily basis (Exhibit B4E). Additionally, the claimant testified that she spent significant time on the Internet to keep her mind busy, and watched videos. She took a couple of trips up north of the state, a three hour-drive. She also attended some of her daughter's basketball and volleyball games.

*Id*.  Based on this record, the Court finds no compelling reason to disturb the ALJ's finding that plaintiff "had described activities that were not limited to the extent one would expect, given her complaints of disabling symptoms and limitations." PageID.53. Accordingly, this claim of error is denied.

### IV.     CONCLUSION

Accordingly, the Commissioner's decision will be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g). On remand, the Commissioner is directed to re-evaluate the opinions of Dr. Kilbourn, Dr. Chaparala, and Ms. Wallace. A judgment consistent with this opinion will be issued forthwith.


Dated:  March 19, 2021                                        /s/ Ray Kent
                                                              RAY KENT
                                                              United States Magistrate Judge